**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| SAN JACINCTO OIL & GAS EXPLORATION, LLC, a Nevada limited liability company, | ) ) ) ) | No. CIV 06-3012 PHX RCB |
| Plaintiff, | ) ) | O R D E R |
| vs. | ) ) | |
| FAMCOR OIL, Inc., a Texas corporation, | ) ) ) | |
| Defendant. | ) ) | |

    This matter arises out of a securities fraud and breach of contract action originally filed by Plaintiff San Jacincto Oil & Gas Exploration, LLC ("San Jacincto") in the Superior Court of Arizona in Maricopa County, and removed to this Court by Defendant Famcor Oil, Inc. ("Famcor"). Notice (doc. 1), Ex. A, pt. 1.  On January 16, 2007, Famcor moved to dismiss all counts. Mot. (doc. # 8). Soon thereafter, San Jacincto filed an amended complaint (doc. # 9). Currently before the Court are Famcor's second motion to dismiss (doc. # 11) directed at the amended complaint, and San Jacincto's motion for partial summary judgment (doc. # 15). In connection with the latter, Famcor has also filed a motion to

strike new evidence submitted with San Jacincto's reply memorandum (doc. # 38), and a motion seeking a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure to conduct further discovery in the event that the current record is found not to raise any genuine issue of material fact (doc. # 31).  Having carefully reviewed the matter, it occurs to the Court that the existence of diversity jurisdiction, which is the sole basis of removal, is not readily apparent from any of the pleadings.

It is undisputed that "a [district] court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." Feldman v. Allstate Ins. Co., 322 F.3d 660, 665 (9th Cir. 2003); Fed. R. Civ. P. 12(h)(3).  The subject matter jurisdiction of the federal district courts is defined by Congress.  U.S. Const. art. III, § 1; Livingston v. Story, 34 U.S. (9 Pet.) 632, 656 (1835).  Generally, if a defendant has improperly removed a case to federal court over which the federal court lacks complete diversity jurisdiction, the district court must remand the case to state court.  28 U.S.C. § 1447(c); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996).

The diversity jurisdiction of the federal courts exists in all civil actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  In order to proceed on the basis of diversity jurisdiction, there must be sufficient allegations from which the district court may ascertain the actual citizenship of the parties to determine whether there exists complete diversity. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); Shaw v. Quincy Mining Co.,

145 U.S. 444, 447 (1892).  In Kanter, the Ninth Circuit explained the simple allegations needed to establish a natural person's state of citizenship:

> To be a citizen of a state, a natural person must first be a citizen of the United States. . . . . The natural person's state citizenship is then determined by her state of domicile, not her state of residence.  A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. . . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.

Kanter, 265 F.3d at 857 (citations omitted) (emphasis added).  The distinction between domicile and residence is an uncontroversial principle to which the Supreme Court has spoken long ago:

> . . . [A]n averment that a party resided within the State or the district in which the suit was brought was not sufficient to support the jurisdiction, because in the common use of words a resident might not be a citizen, and therefore it was not stated expressly and beyond ambiguity that he was a citizen of the State, which was the fact on which the jurisdiction depended under the provisions of the Constitution and of the Judiciary Act.

Shaw, 145 U.S. at 447 (1892).  Finally, for purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, Ltd. P'ship, 437 F.3d 894, 899 (9th Cir. 2006).

Famcor removed the present case on the basis of diversity jurisdiction. Notice (doc. # 1) at 1-2.  However, neither the original complaint filed in the state court nor the amended complaint filed in this Court properly avers the citizenship of any of San Jacincto's members or managers such that Plaintiff's citizenship may be properly ascertained.  Rather, it has only been

pled (1) that San Jacincto is a Nevada limited liability company with offices in Maricopa County, Arizona; (2) that it is managed by an Arizona limited liability company known as Hankerson Management Company, LLC ("Hankerson Management"); and (3) that the manager of Hankerson Management is "a resident of Phoenix, Arizona." Notice (doc. # 1), Ex. A-1 ¶ 1; Am. Compl. (doc. # 9) ¶ 1.

Without knowing the state of citizenship of any of the constituent members of either San Jacincto or Hankerson Management, it is impossible to know whether complete diversity exists. See Johnson, 437 F.3d at 899; Kanter, 265 F.3d at 857. Famcor has simply assumed "[o]n information and belief" that none of the members of San Jacincto Oil & Gas Exploration LLC is a citizen of Texas." Notice (doc. # 1) at 1-2. Although a defendant may remove a civil action from state court within 30 days of its receipt of any "paper from which it may first be ascertained that the case is one which is or has become removable," there is no provision for anticipatory removal of the kind that Famcor apparently seeks. See 28 U.S.C. § 1446(b). Because the face of the pleadings has never "affirmatively reveal[ed] information to trigger removal based on diversity jurisdiction," its removal was improper. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 695-96 (9th Cir. 2005). Accordingly, the matter will be remanded. 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** remanding this case the Superior Court of Arizona for Maricopa County.

IT IS FURTHER ORDERED that San Jacincto's motion for hearing (doc. # 22) is DENIED and dismissed as moot.

IT IS FURTHER ORDERED that Famcor's first motion to dismiss

(doc. # 8) is DENIED and dismissed as moot.

IT IS FURTHER ORDERED that Famcor's second motion to dismiss (doc. # 11) is DENIED and dismissed as moot.

IT IS FURTHER ORDERED that San Jacincto's motion for partial summary judgment (doc. # 15) is DENIED and dismissed as moot.

IT IS FURTHER ORDERED that Famcor's motion in the alternative for a Rule 56(f) continuance (doc. # 31) is DENIED and dismissed as moot.

IT IS FURTHER ORDERED that Famcor's motion to strike Plaintiff's new evidence (doc. # 38) is DENIED and dismissed as moot.

IT IS FINALLY ORDERED directing the Clerk of the Court to send the file in this Case to the Superior Court of Arizona for Maricopa County.

DATED this 31st day of August, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record